UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-CR-10165-RGS

UNITED STATES

V.

ANTONIO GORDON

ORDER ON DETENTION

ALEXANDER, M.J.

The defendant, Antonio Gordon, appeared before this Court for a detention hearing on July 14, 2005, pursuant to an indictment charging him with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). At the hearing, the government was represented by Assistant United States Attorney William H. Connolly and Mr. Gordon was represented by Attorney Glen P. Randall. The government moved to detain Mr. Leslie pursuant to 18 U.S.C. § 3142(f)(2)(A) (serious risk of flight).

Mr. Gordon was indicted on June 29, 2005, for knowingly possessing a .357 Magnum revolver, a .22 caliber revolver and ammunition after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). In that an indictment is extant,

probable cause exists to believe that Mr. Gordon committed the offenses with which he is charged. United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986). At the July 14 hearing, therefore, the Court heard arguments from the government and Mr. Gordon only on the matter of detention.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). "With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of persuasion remains with the government on the question of flight risk. See id. at 1181 (citing United States v. Jessup, 757 F.2d 378, 381-82 (1st Cir. 1985)).

The issue of whether the defendant poses a danger to the community entails a different analysis. The government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person and the community. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985). The meaning of clear and convincing evidence does not imply that

the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure." United States v. Gray, 651 F. Supp. 432, 438 (W.D. Ark. 1987), aff'd. 855 F.2d 858 (8th Cir.), cert. denied, 488 U.S. 866 (1988). Nevertheless, because of the interference of pre-trial detention with the "importan[t] and fundamental . . . right" of liberty, United States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly.

The Court's independent analysis regarding detention is governed by the rubric set forth in 18 U.S.C. § 3142(g). Pursuant to § 3142(g), the Court first looks to the nature and circumstances of the offense charged against Mr. Gordon. This Court has routinely held that the unlawful possession of a firearm by a felon is not a crime of violence. E.g., United States v. Silva, 133 F. Supp.2d 104, 109-10 (D. Mass. 2001); United States v. Powell, 813 F. Supp. 903, 907-08 (D. Mass. 1992). The unlawful possession of a firearm and ammunition by a felon remains, however, a violation of the law and of obvious concern to this Court in any situation.

Second, the Court considers the weight of the evidence against the defendant. As noted previously, there is probable cause to believe that the defendant committed the offenses with which he is charged. Vargas, 804 F.2d at 162-63.

The Court's third inquiry relates to the individual defendant. Defense counsel asserted that Mr. Gordon does not pose a risk of flight. According to defense counsel, Mr. Gordon has family in the area.[1] His prodigious record, however, indicates an inability to comply with court orders. He violates probation, commits crimes while on probation, has served time for various crimes and has a warrant outstanding for failure to appear. Furthermore, according to Mr. Gordon's record and information provided to the Court at the July 14 hearing, Mr. Gordon made an unsuccessful attempt to flee on May 3, 2005, when being arrested on state firearms charges. Such an attempt is not to be taken lightly and quite clearly indicates to the Court that Mr. Gordon does indeed pose a risk of flight.

After considering all evidence before the Court, and the presumption of 18 U.S.C. § 3142(e), the Court concludes by a preponderance of the evidence that ANTONIO GORDON poses a risk of flight that cannot be vitiated by any condition or combination of conditions of release. Accordingly, the Court ORDERS him detained pending trial. Further, pursuant to 18 U.S.C. § 3142(i) it is ORDERED that:

---

[1] Although Mr. Gordon was interviewed by Pretrial Services, and a Pretrial Services Report was provided to the Court, Pretrial Services' attempts to verify the information provided by Mr. Gordon have been, to date, unsuccessful.

1. The defendant be, and hereby is, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Order may be obtained by Mr. Gordon's filing of a motion for revocation or amendment pursuant to 18 U.S.C. § 3145(b).

SO ORDERED.

7/27/05
Date

_____
United States Magistrate Judge