UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                    )<br>)<br>)<br>ANTONIO GORDON                  )<br>)<br>) | CRIMINAL ACTION<br>No. 05-10165-RGS |

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE – COUNT ONE

Now comes the Defendant, Antonio Gordon, and respectfully moves that this Honorable Court suppress any and all evidence, specifically including, but not limited to:

1) One alleged firearm along with the ammunition contained therein;

2) Any and all other items and/or evidence allegedly observed and/or seized from the defendant that was obtained either as a direct or indirect result of the warrantless search and seizure.

Said items were derived from the stop, detention and/or seizure of his person and the subsequent search of his person on or about January 9, 2005.

As grounds for this motion, defendant states as follows:

1. The Police did not have a warrant to stop and/or search and/or arrest the defendant.

2. The Police lacked probable cause or reasonable suspicion to justify stopping, or detaining, or searching the defendant.

3. The police had no justification for conducting a pat frisk of the defendant.

4. The gun and ammunition found on the defendant was seized from him during an illegal search and was not in plain view.

5. The defendant did not consent to the stop, frisk, search, or detention.

6. The actions of the police exceeded the permissible scope of a <u>Terry</u> stop.

7. The search was not conducted incident to a lawful arrest.

8. The search was not a lawful inventory search.

9. There were no exigent circumstances to justify a warrantless search.

10. This was a warrantless arrest and search and no valid exception to the warrant requirement applies. Therefore, this stop, search and seizure violated the Fourth Amendment of the United States Constitution.

Since none of the searches or seizures at issue were supported by a warrant, the government has the burden of showing that the challenged police conduct was lawful. Because of the government's burden of justifying the warrantless stop, search, and seizure of defendant, <u>see, e.g.</u>, <u>United States v. Roch</u>, 5 F.3rd 894, 897 (5th Cir. 1993) (government bears burden of proving reasonable suspicion sufficient to justify <u>Terry</u> stop), defendant reserves the right to amend this motion and/or to file a reply memorandum and additional affidavits after receipt of the government's response.

## **REQUEST FOR EVIDENTIARY HEARING**

Defendant respectfully requests an evidentiary hearing on this motion.

## LOCAL RULE 7.1(A)(2) STATEMENT

Counsel has conferred with Assistant United States Attorney William Connolly and hereby states that the parties have attempted in good faith to resolve or narrow the issues.

Respectfully submitted,

/s/ Glen P. Randall
Glen P. Randall
BBO#: 563472
Murphy & Randall, LLP
50 Burlington Mall Road, Suite 100
Burlington, MA 01803
Tel.: (781) 238-0300

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2006 a true copy of the above Motion, as well as the Memorandum of Law and Affidavits in support thereof, was served upon William Connolly, AUSA, U.S Courthouse, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02110, by filing this document through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via first-class mail, postage prepaid.

/s/ Glen P. Randall
Glen P. Randall

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>ANTONIO GORDON )<br>) | CRIMINAL ACTION<br>No. 05-10165-RGS |

### AFFIDAVIT OF ANTONIO GORDON IN SUPPORT OF
### MOTION TO SUPPRESS EVIDENCE – COUNT ONE

I, Antonio Gordon, having been previously sworn, do hereby depose and state the following:

1. I am the defendant in the above entitled matter.

2. On January 9, 2005, I was in the area of 9 Cottage Street, Lynn, Massachusetts.

3. According to the police report provided to me by my attorney, the police were responding to 9 Cottage Street, Lynn, Massachusetts concerning a discharged firearm. This incident that was reported occurred inside of 9 Cottage Street, Lynn, Massachusetts and not outside. In fact, there was a bullet hole that was discovered on an inside bedroom wall.

4. The house at 9 Cottage Street, Lynn, Massachusetts is a two story house.

5. According to the police report provided to me by my attorney, when the police approached 9 Cottage Street, Lynn, Massachusetts Officer Hagerty had his service weapon drawn.

6. I was outside of 9 Cottage Street, Lynn, Massachusetts when the police arrived. The first thing that the police did was point a gun at me and told me to show my hands and lie down on the ground. I was clearly not free to leave at this point.

7. According to the police report provided to me by my attorney, the police searched me and found a firearm along with the ammunition contained therein.

8. After the police searched me, they then went inside of 9 Cottage Street, Lynn, Massachusetts and talked to some people about the incident. It was at this point that I was allegedly identified as having discharged the firearm.

9. The police searched me before they entered 9 Cottage Street, Lynn, Massachusetts, and spoke to anyone concerning this incident.

10. I don't know how the police could say that I was involved in the incident before they searched me when in fact they hadn't talked to anybody inside of 9 Cottage Street, Lynn, Massachusetts.

11. Before the police searched me, nobody from inside of the house pointed me out and identified me as having been involved in any wrongdoing or criminal activity. I was simply in the area.

12. I was not shown a search warrant or an arrest warrant.

13. I did not consent to the officer's stop and/or frisk and/or search of me.

14. I make this statement pursuant to the protections afforded by United States v. Simmons, 390 U.S. 377 (1968).

15. This Affidavit does not contain everything that happened during the stop and search by the police. It is filed only to preserve my rights under the United States Constitution and the law.

Signed under pains and penalties of perjury this 26th day of March, 2006.


_____
Antonio Gordon

# LYN[N] [INCIDEN]T REPORT

Bill Connolly

PAGE: 1 OF: 2

REPORT #: 05 1645

LOCATION OF INCIDENT: 9 [Cottage St]

TYPE OF INCIDENT OR OFFENSE: [w]ithout being Licensed (2) Poss Ammo w/o firearm (3) [dischar]ging 500 feet of a Dwelling

DID THE INCIDENT INVOLVE DOME[STIC]... [covered] BY c209, s1A?......... YES [ ] NO [X]
DID THE INCIDENT INVOLVE ANY CI[VIL]... [determ]INED BY c265, s 37?......... YES [ ] NO [X]

DATE REPORTED: 1-9-05   TIME: 07[01]

TIME OF INCIDENT: FROM: 0701 TO: ___

NAME OF BUSINESS: ___   TELEPHONE: N/A

| PARTICIPANTS NAME | TY[PE] | DOB | SEX | RACE | ADDRESS | TELEPHONE |
|---|---|---|---|---|---|---|
| 1. Antonio Michael Gordon | D | 7-9-83 | M | B | 15 DegAuthier Way, Roxbury | 617-623-2544 |
| 2. Margret Rau | PR-W | 1-30-63 | F | W | 9 Cottage St, Lynn | 244-9926 |
| 3. Walter Dodge | PR-W | 12-2-80 | M | W | 12 Rust St, Lynn | 596-7451 |
| 4. Greg Tremblay | PR-W | 9-23-77 | M | W | 317 Chatham St, Lynn | 593-9235 |
| 5. Keith Rau | AR-W | 3-6-89 | M | W | 9 Cottage St, Lynn | 244-9926 |

RACE: W = WHITE  B = BLACK  O = ORIENTAL  H = HISPANIC  I = AMERICAN INDIAN
TYPE: O= OWNER(business) PR=PERSON REPORTING V=VICTIM S=SUSPECT D=DEFENDANT W=WITNESS

REPORT: On the above date and time car #7 (Hagerty) and car #17 (Wonoski, Pettipas) were dispatched to #9 Cottage St on report that the above mentioned defendant Mr Gordon had just shot a firearm off at this address. At this time officer Hagerty notified Lynn Control that he was on Linden St which is right around the corner from this address in question. At this time officer Hagerty exited his marked patrol unit on the end of Morris St and proceeded towards #9 Cottage St which is located across the street from Morris St. Officer Hagerty now approached the front of 9 Cottage St with service weapon drawn. At this time officer Hagerty reached the right side of #9 Cottage St and observed a black male yelling in the window of #9 Cottage St. Officer Hagerty now positioned himself in a shooters position and ordered this black male to show his hands. Officer Hagerty now ordered this black male to get on the ground with his hands visible to officer Hagerty. After several verbal commands this black male kneeled on the ground and then to the prone position. Car #17 arrived on scene and with officer Hagerty holding this black male at gun point placed him into handcuffs. A pat frisk was performed on this black male and a loaded black 357 magnum was pulled from his left front pocket by officer Wonoski. At this time officer Hagerty responded inside #9 Cottage St and spoke with the homeowner above mentioned Mrs Margret Rau who stated that the above mentioned defendant Mr Gordon has slept at her house on several occasions and on this night came over in a intoxicated state. Margret Rau after observing his condition stated to

REPORTING OFFICER: C. Hagerty   PAYROLL: 6571   OVER
SECOND OFFICER: ___   PAYROLL: ___
DIVISION SERGEANT: [signature]   PAYROLL: 6508

# LYNN POLICE SUPPLEMENT REPORT

PAGE: 2 OF: 2     REPORT# 051645

PARTICIPANTS NAME: See other side     ADDRESS:

TYPE OF INCIDENT OR OFFENSE   DATE OF INCIDENT   TIME OF INCIDENT   FROM: ___ TO: ___

===============================================================

Mr Gordon to go lay down in her daughters bedroom which he did closing the door behind him. At this time Margret Rau stated after approximately ten minutes while in the kitchen with mentioned witnesses mr Dodge and mr Tremblay they heard a loud bang which came from the bedroom that mr Gordon was in. At this time Margret Rau entered the bedroom and could smell gun powder and stated to mr Gordon "You just shot a gun off in my house". Mr Gordon replied "No I did not I'll show you the gun". At this time Margret then observed a hole in her bedroom wall and yelled for mr Gordon to leave which he did. Once outside mr Gordon began to yell and kick the front door this is when Margret Rau called the police stating that mr Gordon shot a gun off in her house and was now kicking at her front door. Officer Hagerty spoke with both witnesses mr Dodge and mr Tremblay who stated they were in the kitchen when they heard a loud bang. Margret Rau also stated that mr Gordon had the gun out in the bedroom and she described it as the same found on mr Gordon.

At this time mr Gordon was transported to the Lynn Police Station via transport wagon and booked for the following without incident.

1. Carrying a firearm w/o being licensed
2. Discharging a firearm within 500 feet of a dwelling
3. Possessing Ammunition w/o firearm I.D

Note: Officers on scene observed a bullet hole in the bedroom wall that mr Gordon was in which traveled through the wall into the closet area of Margret Rau's son Kieth Rau's bedroom.

Note: The serial # on the recovered firearm was ran through the in house computer which came back no matching record.

Note: The recovered firearm (357 magnum) was placed along with the one spent shell casing and one intact 357 bullet into evidence control with a copy of this report.

Note: Officers on scene who took mr Gordon into custody could smell a strong odor of gun powder emanating from his person. (Car #7 and Car #17)

REPORTING OFFICER: C. Hagerty     PAYROLL: 6521
SECOND OFFICER:                    PAYROLL:
DIVISION SERGEANT: Nartone         PAYROLL: 6308