UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ANTONIO GORDON ) <br> ) <br> ) | CRIMINAL ACTION <br> No. 05-10165-RGS |

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE – COUNT TWO

Now comes the Defendant, Antonio Gordon, and respectfully moves that this Honorable Court suppress any and all evidence, specifically including, but not limited to:

1) One alleged firearm along with the ammunition contained therein;

2) Any and all other items and/or evidence allegedly observed and/or seized from the defendant that was obtained either as a direct or indirect result of the warrantless search and seizure.

Said items were derived from the stop, detention and/or seizure of his person and the subsequent search of his person on or about May 3, 2005.

As grounds for this motion, defendant states as follows:

1. The Police did not have a warrant to stop and/or search and/or arrest the defendant.

2. The Police lacked probable cause or reasonable suspicion to justify stopping, or detaining, or searching the defendant.

3. The police had no justification for conducting a pat frisk of the defendant.

4. The gun and ammunition found on the defendant was seized from him during an illegal search and was not in plain view.

5. The defendant did not consent to the stop, frisk, search, or detention.

6. The actions of the police exceeded the permissible scope of a <u>Terry</u> stop.

7. The search was not conducted incident to a lawful arrest.

8. The search was not a lawful inventory search.

9. There were no exigent circumstances to justify a warrantless search.

10. This was a warrantless arrest and search and no valid exception to the warrant requirement applies. Therefore, this stop, search and seizure violated the Fourth Amendment of the United States Constitution.

Since none of the searches or seizures at issue were supported by a warrant, the government has the burden of showing that the challenged police conduct was lawful. Because of the government's burden of justifying the warrantless stop, search, and seizure of defendant, see, e.g., <u>United States v. Roch</u>, 5 F.3rd 894, 897 (5th Cir. 1993) (government bears burden of proving reasonable suspicion sufficient to justify <u>Terry</u> stop), defendant reserves the right to amend this motion and/or to file a reply memorandum and additional affidavits after receipt of the government's response.

## **REQUEST FOR EVIDENTIARY HEARING**

Defendant respectfully requests an evidentiary hearing on this motion.

## LOCAL RULE 7.1(A)(2) STATEMENT

Counsel has conferred with Assistant United States Attorney William Connolly and hereby states that the parties have attempted in good faith to resolve or narrow the issues.

Respectfully submitted,

/s/ Glen P. Randall
Glen P. Randall
BBO#: 563472
Murphy & Randall, LLP
50 Burlington Mall Road, Suite 100
Burlington, MA 01803
Tel.: (781) 238-0300

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2006 a true copy of the above Motion, as well as the Memorandum of Law and Affidavits in support thereof, was served upon William Connolly, AUSA, U.S Courthouse, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02110, by filing this document through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via first-class mail, postage prepaid.

/s/ Glen P. Randall
Glen P. Randall

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                            )<br>)<br>)<br>ANTONIO GORDON           )<br>) | CRIMINAL ACTION<br>No. 05-10165-RGS |

### AFFIDAVIT OF ANTONIO GORDON IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE – COUNT TWO

I, Antonio Gordon, having been previously sworn, do hereby depose and state the following:

1. I am the defendant in the above entitled matter.

2. On May 3, 2005, I was in the area of 32 A Morris Street, Lynn, Massachusetts.

3. According to the police report provided to me by my attorney, the police were responding to 32 A Morris Street, Lynn, Massachusetts concerning a fight. However, this is an oversimplification of the nature of the call.

4. According to the 911 Tape provided to me by my attorney, the police were responding to 32 A Morris Street, Lynn, Massachusetts for reports of "they're all fighting and brawling out there, they're supposed to be moved out by May 1st and they're still here, there is a party going on, need to break it up and quiet it down, the people in the neighborhood are complaining." Also, the caller states, "when you guys show up, they'll all stop" to which the Police Dispatcher stated, "I'm sure."

5. The overall context of the 911 Tape reveals something more of the nature of a general disturbance as opposed to a specific fight.

6. What really happened was there was an argument and commotion between two females, Erin and Elaine who were being loud. I'm not exactly sure to what extent they were, or were not, actually fighting. In any event, I had absolutely nothing to do with this fight and/or disturbance.

7. No crime involving me was ever reported, nor was I even mentioned during the call. I was not involved in any alleged disturbance, in any way whatsoever.

8. When the police arrived they apparently observed several individuals in the driveway. At this point I had already started to walk, not run, away from the area. I was not in the driveway when the police pulled up. I had already started to walk away. The officer shouted things such as, "Come here Gordon" "What's going on" "Hold up Antonio" and I responded, "I don't know, I didn't do nothing, I'm leaving."

9. According to the police report provided to me by my attorney as soon as the police arrived at the scene, they exited the cruiser and yelled for me to stop. After which I said, "Why are you stopping me." By saying these words and trying to leave the area, I was trying to make it clear that I did not want to be stopped or even talk to the police.

10. As I tried to walk away and leave the area, I was stopped from doing so by the police. I attempted to leave the area more than once. There were a number of police cars present and a number of armed police officers that physically prevented me from leaving by grabbing me.

11. At the point when the police arrived, I was simply in the area and trying to walk down Morris Street. I was simply a citizen minding my own business and not being disruptive or causing any disturbance.

12. Even though I had absolutely nothing to do with the fight and/or disturbance the police stopped me as I was trying to walk away.

13. I was not shown a search or arrest warrant.

14. I did not consent to the officer's stop and/or frisk and/or search of me.

15. I make this statement pursuant to the protections afforded by United States v. Simmons, 390 U.S. 377 (1968).

16. This Affidavit does not contain everything that happened during the stop and search by the police. It is filed only to preserve my rights under the United States Constitution and the law.

Signed under pains and penalties of perjury this 26th day of March, 2006.


                             _Antonio Gordon_
                             Antonio Gordon

# LYNN POLICE INCIDENT REPORT

PAGE: 1 OF 3                                   REPORT= 05-27606

LOCATION OF INCIDENT: 32 A Morris St

TYPE OF INCIDENT OR OFFENSE: ① Carrying Firearm w/o license subsequent offense
* see additional charges *

DID THE INCIDENT INVOLVE DOMESTIC ABUSE AS DEFINED BY c209, s1A?........ YES [ ]  NO [✓]
DID THE INCIDENT INVOLVE ANY CIVIL RIGHTS ISSUES AS DEFINED BY c265, s 37?...... YES [ ]  NO [✓]

| 5/3/05 | 2337 | 5/3/05 | FROM: 2335 TO 2337 |
|---|---|---|---|
| DATE REPORTED | TIME REPORTED | DATE OF INCIDENT | TIME OF INCIDENT |

NAME OF BUSINESS: _____    TELEPHONE: _____

| PARTICIPANTS NAME | TYPE | D.O.B. | SEX | RACE | ADDRESS | TELEPHONE |
|---|---|---|---|---|---|---|
| 1. Antonio Gordon | D | 7/9/83 | M | B | 15 Degauthier way Roxbury | 623-2844 |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |

Smith & Wesson .22 caliber black revolver w/brown handle serial# K60751S

RACE: W = WHITE   B = BLACK   O = ORIENTAL   H = HISPANIC   I = AMERICAN INDIAN
TYPE: O= OWNER(business) PR=PERSON REPORTING V=VICTIM S=SUSPECT D=DEFENDANT W=WITNESS

REPORT: Car 17 (Godbout/Dusablon) was dispatched to the above location concerning a fight. This location is well known to these officers as it has been an address that we have responded to for numerous calls concerning fights, parties, and disturbances. Upon our arrival we observed several male individuals in the driveway of 32 A Morris St. I observed one black male begin to run from this location as we pulled up. I immediately recognized this individual from past experience as being Antonio Gordon. I had personal knowledge that this individual had been arrested in the past for carrying guns. I exited the cruiser and yelled "Hey Antonio Hold up!" At this time Antonio yelled back "why are you stopping me." I told Antonio that we were responding to a fight call and that we wanted to find out what was going on. At this time I approached Antonio who was in the middle of the street. Car 19 (Castle) turned onto Morris St from Linden St and approached from the opposite direction. As I got closer to Antonio he began to yell that I was harrassing

REPORTING OFFICER: R Godbout        PAYROLL: 6569
SECOND OFFICER:    P Dusablon        PAYROLL: 6498
DIVISION SERGEANT: [signature]       PAYROLL: 6510

him. He then attempted to run away. Myself and officer Castle were able to stop Antonio. At this time Antonio reached for his waistband in the front of his pants. I grabbed his hands and felt a hard object sticking out of the waist of his pants. I immediately believe this to be a handle of a gun. I told officer Castle that I believed Antonio had a gun on him. At this time Antonio began to violently struggle with these officers. He continued to try reaching for his waist as we attempted to prevent him from doing so. I was able to pin Antonio's arms behind his back and officer Castle reached under Antonio's shirt and produced a black .22 revolver handgun. At this time I attempted to handcuff Antonio and he continued to resist. I gave continuous verbal commands to Antonio telling him stop resisting. Officer Castle and myself were finally able to control Antonio and place him in custody. Car 11 (Hallisey) transported Antonio from the scene to the L.P.D. station. Numerous other Lynn Units had arrived on scene and several other individuals were arrested for various charges see Report #'s 05/27618 #05/27619.

At this time we responded to the station to book the prisoners. We were unable to book Antonio Gordon because he was combative and hostile. He was placed into a holding cell to cool off.

Officer Godbout took possesion of the handgun at the scene on Morris St. The gun was a Smith & Wesson long barrelled .22 caliber revolver with the serial number # K607515. A stolen gun query check was performed on this gun but it came back no record. The handgun was loaded with 6 .22 caliber shells. The gun will be placed in the evidence control room along with

REPORTING OFFICER: R Godbout       PAYROLL: 6569
SECOND OFFICER: P Dusablon         PAYROLL: 6498
DIVISION SERGEANT:                 PAYROLL:

| P... ...ANTS NAME | ADDRESS |
|---|---|

| TYPE OF INCIDENT OR OFFENSE | DATE OF INCIDENT | FROM ___ TO ___ TIME OF INCIDENT |
|---|---|---|

the ammunition for court purposes.

Antonio Gordon was charged with the following offenses.

1. Carrying a firearm without a license subsequent offense
2. Poss. Ammunition w/o Firearm ID
3. Poss. Firearm w/o Firearm ID subsequent offense
4. Felon in possession of a firearm
5. Resisting Arrest.

It should be noted that Antonio Gordon currently has an open case involving firearm charges.

REPORTING OFFICER: R Godbout       PAYROLL: _____
SECOND OFFICER: _____            PAYROLL: _____
DIVISION SERGEANT: _____         PAYROLL: _____