UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.   CRIMINAL NO. 05-10165-RGS

ANTONIO GORDON

## ORDER

STEARNS, DJ.   JUNE 1, 2006

IN ACCORDANCE WITH THIS COURT'S ALLOWANCE OF DEFENDANT'S ASSENTED-TO MOTION,

IT IS HEREBY ORDERED: THE U. S. PROBATION DEPARTMENT SHALL PREPARE A PRE-PLEA DETERMINATION OF DEFENDANT'S OFFENSE LEVEL COMPUTATION AND DEFENDANT'S CRIMINAL HISTORY COMPUTATION, (AND NOT A FULL PRE-SENTENCE REPORT).

SO ORDERED.

/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.             )<br>)<br>)<br>ANTONIO GORDON         )<br>)<br>) | CRIMINAL ACTION<br>No. 05-CR-10165-RGS |

**DEFENDANT'S ASSENTED TO MOTION FOR A PRE-PLEA
PROBATION DETERMINATION OF HIS CRIMINAL HISTORY**

Now comes the Defendant in the above entitled Criminal Action and respectfully moves that this Honorable Court ORDER the United States Probation Department to make a determination of his criminal history prior to him entering a plea agreement with the government.

In support therefore, the defendant states as follows:

1) Defense counsel has spoken with the United States Probation Department, specifically Chief John M. Bocon, who assents to this Motion given the nature of the defendant's juvenile history.

2) The Probation Department's concern is that a juvenile case(s) may implicate the Armed Career Criminal statute 18 U.S.C. § 924(e) and without the allowance of this Motion, the Probation Department will be unable to obtain copies of the defendant's juvenile records and make said determination. There are six (6) entries on the defendant's juvenile record.

3) All parties understand that the defendant is only looking for Offense Level Computation and Criminal History Computation and not a full Pre-sentence Report.

4) A determination of the defendant's criminal history is necessary so that the defendant may make an informed decision about the consequences of pleading guilty versus going to trial.

5) The government assents to this request and agrees that this Motion is appropriate given the facts and circumstances of this particular case.

*Allowed. RMS [Stearns] DJ 5-31-06.*

24

                                                     Respectfully Submitted,
                                                     Antonio Gordon
                                                     By his attorney

Date: May 19, 2006

                                              /s/ Glen P. Randall
                                              Glen P. Randall
                                              79 Merrimack Street, Suite 300
                                              Lowell, Massachusetts 01852
                                              (978) 452-1700

## LOCAL RULE 7.1(A)(2) STATEMENT

    I, Glen P. Randall, hereby certify that I have complied with Local Rule 7.1(a)(2), by conferring with Assistant United States Attorney William H. Connolly prior to the filing of the foregoing Motion. I further submit that the government assents to this Motion as it may facilitate a resolution to this matter. Additionally, I hereby certify that I have conferred with the United States Probation Department, specifically Chief John M. Bocon, who assents to this Motion.

## CERTIFICATE OF SERVICE

    I, Glen P. Randall, hereby certify that on May 19, 2006 a true copy of the above Motion, was served upon William H. Connolly, AUSA, U.S Courthouse, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02110, by filing this document through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via first-class mail, postage prepaid.

                                              /s/ Glen P. Randall
                                              Glen P. Randall